IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MYRIAM I. CARRILLO-MONTES
Plaintiff

vs

TRIPLE S SALUD, INC.; TRIPLE S MANAGEMENT CORPORATION
Defendants

CIVIL 14-1926CCC

**OPINION AND ORDER**

On December 29, 2014, plaintiff Myriam I. Carrillo Montes ("Carrillo") filed a Complaint against Triple-S Salud, Inc. ("Triple-S") and Triple-S Management Corporation ("Triple-S Mgt.") pursuant to the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C., §§ 621 et. seq., the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 1231, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq. Carrillo alleged that her employer Triple-S and Triple-S Mgt.[1] discriminated against her by reason of age, gender, and her association with a disabled person, and retaliated against her "for having requested a reasonable accommodation and also due to her opposition against defendant's unlawful employment practices." (d.e. 1, pg. 1).[2]

Defendants moved for Summary Judgment on November 13, 2015 (d.e. 18). During a February 11, 2016 conference, defendants were allowed to supplement their Motion for Summary Judgment by March 22, 2016, following plaintiffs February 29, 2016 deposition. (d.e. 33). Plaintiff was authorized to file a supplemental opposition by April 5, 2016. Before the Court

---

[1] In her opposition, plaintiff requests the dismissal of all claims against Triple-S Management Corporation.

[2] Plaintiff invokes the Court's supplemental jurisdiction over several state law claims.

CIVIL 14-1926CCC                    2

are defendants' Motion for Summary Judgment and Supplemental Motion for Summary Judgment (d.e. 18 and 36), oppositions (d.e. 26 and 39), replies (d.e. 29 and 47), and sur-reply (d.e. 50).

Defendants argue that: (1) co-defendant Triple-S Mgt. is not Carrillo's employer and thus all claims against it should be summarily dismissed; (2) plaintiff has failed to establish a cause of action based on age and gender discrimination; (3) she has failed to establish a cognizable claim under the association provision of the ADA; (4) her failure to accommodate claim under the ADA is meritless; (5) she failed to established a basis for her hostile work environment claims; (6) she failed to establish a valid retaliation claim pursuant to the ADA; and (7) failed to establish a valid retaliation claim under Title VII. (d.e. 36).

Having considered grounds (1)-(7), defendants' request is **GRANTED** as to (1) and (4), and **DENIED** as to all others.

## I.    FACTUAL BACKGROUND

The following are the relevant uncontested facts. Plaintiff Myriam I. Carrillo-Montes, born on April 4, 1970, has been an employee of Triple-S, from June 16, 2008 to the present.[3]  (d.e. 18-2, ¶¶ 18, 19).  Triple-S is a wholly owned-subsidiary of Triple-S Management.  (d.e. 18-2, ¶ 2).  Carrillo is a Financial Analyst in Triple-S's Finance Division.[4]  (d.e. 18-2, ¶ 19).  Since

---

[3] Carrillo was an employee of Triple-S from 2000 to 2003 as an accountant. Carrillo returned to Triple-S as an accountant in June 2007 through an employment agency, and was later hired in May 2008 as a regular Triple-S employee in that same position. (d.e. 18-3, p. 2, fn. 1).

[4] As a Financial Analyst, Carrillo is responsible for performing the following tasks: (i) applying accounting principles and reporting systems to generate and distributing reports, such as financial statements, responding to inquiries, conducting research, and identifying and resolving problems; (ii) performing accounting functions required to issue financial statements and reports to regulatory agencies; (iii) performing regular and ad-hoc accounting and financial analysis or financial

CIVIL 14-1926CCC                    3

August of 2013, plaintiff has been under the supervision of Luis A. Rosich-Martínez[5] ("Rosich"), Budget Supervisor, and Luis A. González-Matos ("González"), Finance Director. (d.e. 18-2, ¶¶ 22, 29).

Carrillo is a single mother. (d.e. 26-1, ¶ 83). Her 12-year-old son was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"). (d.e. 26-1, ¶ 83). According to Carrillo he "has developed additional mental and emotional conditions related to opposition and challenge to authority" and "[t]hese conditions substantially limit almost all major daily live [sic] activities of [her] son, among these, the following: sleeping, eating, learning, memory, thought process, going to school, and since he is a minor, he cannot receive any medical treatment, nor therapy sessions, unless accompanied by his mother." (d.e. 26-1, ¶ 83). Carrillo asserts that she informed Rosich and González about her son's alleged disability after they started supervising her. (d.e. 26-1, ¶ 83). She claims that she requested reasonable accommodation from Rosich and González consisting of time off and/or medical leaves to attend medical appointments related to her son's condition, which was denied. (d.e. 18-2, ¶ 83).[6]

---

operations management; (iv) identifying, recommending, and implementing financial planning and analysis process improvements; (v) ensuring that internal financial controls are implemented as designed and kept up-to-date, and resolving promptly any finding; and (vi) providing guidance to personnel about the controls and related responsibilities, and reporting any changes to internal controls to the Triple-S Mgt. task force in charge of the documentation of the financial internal controls. (d.e. 18-2, ¶ 21).

[5] Rosich left his position as Finance Supervisor in the Budget Department on February 28, 2015 to become Revenue Manager in Triple-S Advantage. (d.e. 18-32, ¶ 4).

[6] Triple-S alleges to have "no record of plaintiff ever requesting the 'accommodation' described by plaintiff in her complaint." (d.e. 18-2, ¶ 84). Plaintiff states that before she was under the supervision of Rosich and González, her requests for "reasonable accommodation were was [sic] always granted to her." (d.e. 1, pgs. 3-4).

CIVIL 14-1926CCC                              4

On March 7, 2014, Carrillo's treating psychiatrist Dr. González-Dueñas wrote to Triple-S requesting a reasonable accommodation stating that plaintiff suffers from "major depression and generalized anxiety disorder with panic attacks" and identified the "precipitating factor and trigger" of plaintiff's condition as "the way and style with which her supervisor requires her work and the pressure of demanding an extended work schedule every day, she has a son with Attention Defecit something that is extremely difficult for her, even though she would be willing to do that on certain occasions but not as a required routine." (d.e. 28, Exhibit 6). Dr. González-Dueñas requested that plaintiff be supervised by another person and that the extended time schedules be feasible so as not to affect her medicines nor generate worry about her son. (d.e. 28, Exhibit 6). Dr. González-Dueñas sent to Triple-S a second letter on February 13, 2015[7], 16 months after she began treating plaintiff, in which she certified:

> that Ms. Myriam Carrillo Montes continues under my medical care but her condition remains very unstable and she has been unable to recover despite her therapies and psychopharmacological treatment since her precipitating stressor continues to be the situation with her immediate supervisor.
>
> On that occasion one year ago reasonable accommodation was requested in which Ms. Carrillo was to be supervised by another person and to the contrary the pressure and stress have increased and her conduct exacerbated and deteriorated.

(d.e. 28, Exhibit 7).

On March 7, 2014, the same day she requested a reasonable accommodation through her psychiatrist, Carrillo filed a discrimination claim with the U.S. Equal Employment Opportunity Commission and the Puerto Rico Department of Labor Antidiscrimination Unit against Triple-S alleging

---

[7] Although this second letter is dated February 13, **2014**, the record shows that the letter was sent on February 13, **2015**.

CIVIL 14-1926CCC                         5

discrimination and retaliation on the basis of sex, age and disability. (d.e. 18-2, ¶ 51). The charge was dismissed on September 29, 2014 (d.e. 18-2, Exhibit 19) and plaintiff received a Notice of Right to Sue on October 1, 2014 (d.e. 26-1, Exhibit 5).

On February 3, 2015, one day after defendant was served with the Complaint in the instant action, Carrillo received a written admonishment. (d.e. 18-2, ¶ 37, Exhibit 13). The relevant portion of the memorandum, signed by Rosich and González, read;

> During the last months we have observed that you have not been complying as expected with your responsibilities as Financial Analyst. On several occasions you have been required to turn in important jobs and the same are not turned in or are turned in incomplete.

(d.e. 18-2, Exhibit 13). The memorandum further indicated that "[o]n many occasions I have had to dedicate time to re-train you on how the accounts should be analyzed, how to look for the distribution used and you have still not demonstrated that you can carry out the job independently." (d.e. 18-2, Exhibit 13). It also claimed that "[d]uring the past months, the Finance Director and I have received comments from other co-workers (managers and supervisors) that you have requested assistance from them to complete your analysis without having made efforts first to be able to identify the fluctuations on your own, requiring time of the same so that the job is completed." (d.e. 18-2, Exhibit 13). No time frames where mentioned in the February 13, 2015 memorandum as to the "many occasions" she had to be retrained or during how many months she required co-workers assistance.

Plaintiff received her performance evaluation for 2014 on February 20, 2015 in which Rosich indicated that plaintiff needed "to improve her documentation and analysis skills regarding expenses in order to adequately

CIVIL 14-1926CCC                            6

reflect the company's current financial status." (d.e. 18-2, ¶ 42, Exhibit 14). The performance evaluation averred that plaintiff repeatedly failed to complete the tasks assigned within established deadlines and that her expense account analyses were not up to par and had to be revised and corrected on various occasions. (d.e. 18-2, ¶ 44, Exhibit 14). Plaintiff asserts that the statements made in both the memorandum and the performance evaluation by her supervisor are all false. *See* Sworn Statement of Plaintiff Carrillo (d.e. 26-2).

Plaintiff alleges that she experienced a hostile work environment consisting of the following: (1) she was issued instructions personally, by phone, email and text messages, which drastically increased her functions, and ordered to finish the same within unreasonable time frames; (2) she was forced to stay at the office after hours at least two or three times per week; (3) she was assigned, on a weekly basis, functions, duties and tasks, including special projects, within unreasonable timeframes; and (4) she was subjected to discriminatory comments related to her age, gender and her "reasonable accommodation requests" and her association with a disabled individual. According to plaintiff, Rosich and González referred to her as an "old lady" and stated; that she should leave to take care of her disabled son; that due to her age she could not keep up with the work assigned to her and that she should leave and give the opportunity to another younger employee to occupy her position; that her leave requests demonstrated she did not want to work; and, that her problems with her son were due to the fact that she was a single mother. (d.e. 26-2, ¶¶ 10, 18, 19 and 28).

CIVIL 14-1926CCC						7

## II.	LEGAL STANDARD: MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The Court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995) (quoting *Liberty Lobby, Inc.*, 477 U.S. at 248). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Crawford-El v. Britton*, 523 U.S. 574, 600 fn. 22, 118 S.Ct. 1584, 140 L.Ed. 2d 759 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986)); Fed. R. Civ. P. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986).

The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the

CIVIL 14-1926CCC                    8

light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

### III.  ANALYSIS

#### A.  Claims Against Triple-S Management Corporation

In its Motion for Summary Judgment, defendant argues that Carrillo is an employee of Triple-S and not of Triple-S Mgt. (d.e. 36, pp. 4-5). Plaintiff concedes and "requests the dismissal of the Complaint against Triple S Management Company only." (d.e. 39, p. 2). We hereby **GRANT** plaintiff's request for dismissal of all claims against Triple-S Management Company.

#### B.  Reasonable Accommodation under the ADA's Association Provision

Carrillo brings a claim under Section 12112(b)(4) of the ADA.[8] In particular, plaintiff alleges that defendants knew of her son's disability and failed to provide her with reasonable accommodations consisting of time off and/or medical leaves to attend medical appointments related to her son's condition.

Section 12112(b)(4) of the ADA, known as the "association provision" prohibits employers from taking adverse action against an employee "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C.A. § 12112. "The legislative history of section 12112(b)(4) makes clear that the provision was intended to protect qualified individuals from adverse job actions based on

---

[8] This claim is in addition to Carrillo's discrimination claim under the ADA based on her association with a disabled person.

CIVIL 14-1926CCC                              9

'unfounded stereotypes and assumptions' arising from the employees' relationships with particular disabled persons." *Oliveras-Sifre v. Puerto Rico Dep't of Health*, 214 F.3d 23, 26 (1st Cir. 2000) (quoting *Barker v. Int'l Paper Co.*, 993 F. Supp. 10, 15 (D. Me. 1998)).

In its motion, defendants claim that plaintiff is not entitled to reasonable accommodation because the ADA does not provide a non-disabled employee with the right to reasonable accommodation to take care of the employee's disabled child. (d.e. 36, p. 31).  The Court agrees with defendants' assessment.  Although still undecided by the First Circuit, courts in other jurisdictions have found that the association provision "does not obligate employers to accommodate the schedule of an employee with a disabled relative." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 510 (3d Cir. 2009). *See also Magnus v. St. Mark United Methodist Church*, 688 F.3d 331, 339 (7th Cir. 2012) (finding that an employer is not required to provide reasonable accommodation to an employee due to her daughter's disability); *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 489 (6th Cir. 2011) (concluding that an employee is not entitled to a reasonable accommodation on account of his wife's disability); *Tyndall v. Nat'l Educ. Centers, Inc. of California*, 31 F.3d 209, 214 (4th Cir. 1994) (holding that an employee's request for scheduling modification based on her personal need to tend to her son's disability is not required under the ADA).

Carrillo's claim therefore fails.  The ADA does not require an employer to provide such accommodations.  Accordingly, we **GRANT** defendants' request to dismiss Carrillo's claims based on the failure to provide reasonable accommodation under the association provision of the ADA.

## IV. CONCLUSION

Defendants' Motion for Summary Judgment (**d.e. 36**) is **GRANTED IN PART and DENIED IN PART**. All claims against Triple-S Management, and the failure to accommodate claim under the ADA are **DISMISSED WITHOUT PREJUDICE**. Separate judgment to be entered

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2017.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge